**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4963**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ROBIN NEIL SNYDER; MORTGAGE BANKERS, LTD.,

                    Defendants - Appellants.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Catherine C. Blake, District Judge.
(1:07-cr-00155-CCB-1)

Submitted:  January 22, 2010      Decided:  February 18, 2010

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jonathan A. Gladstone, Annapolis, Maryland, for Appellant Robin
Neil Snyder.  Rod J. Rosenstein, United States Attorney, Martin
J. Clarke, Michael J. Leotta, Assistant United States Attorneys,
Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robin Neil Snyder and Mortgage Bankers, Ltd., appeal the convictions on thirteen counts of wire fraud and aiding and abetting such fraud, in violation of 18 U.S.C.A. §§ 1343, 2 (West 2000 & Supp. 2009), one count of money laundering and aiding and abetting such conduct, in violation of 18 U.S.C. §§ 1956(a)(1), 2 (2006), and one count of obstruction of justice and aiding and abetting such conduct, in violation of 18 U.S.C. §§ 1512(c)(2), 2 (2006). Snyder claims the district court erred in joining Counts Eighteen and Nineteen with the other counts and not granting his motion to sever. He further claims the court abused its discretion in denying his motion for a new trial and the court clearly erred in determining for sentencing purposes the amount of actual and intended loss. Finding no error, we affirm.

Rule 8(a) of the Federal Rules of Criminal Procedure provides that two or more offenses may be charged in the same indictment when the offenses "are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." This court reviews de novo the district court's refusal to grant a misjoinder motion to determine whether the initial joinder of the offenses was proper under Rule 8(a). United States v. Mackins, 315 F.3d 399, 412

(4th Cir. 2003).  If joinder was proper, review of the denial of a motion to sever is for abuse of discretion under Fed. R. Crim. P. 14.  Id.  If joinder was improper, the court "review[s] this nonconstitutional error for harmlessness, and reverse[s] *unless* the misjoinder resulted in no 'actual prejudice' to the defendants 'because it had [no] substantial and injurious effect or influence in determining the jury's verdict.'"  Mackins, 315 F.3d at 412  (quoting United States v. Lane, 474 U.S. 438, 449 (1986) (first and second alteration added)).

Because of the prospect of duplicating witness testimony, impaneling additional jurors or wasting limited judicial resources, joinder is the rule rather than the exception.  United States v. Hawkins, 589 F.3d 694, __, 2009 WL 4906678, *5 (4th Cir. 2009).  Joinder of multiple charges involving the same statute is "unremarkable".  Id., 2009 WL 4906678, *7 (citing United States v. Acker, 52 F.3d 509, 514 (4th Cir. 1995) (courts routinely allow joinder of bank robbery charges against the same defendant)).  Joinder on unrelated charges, however, raises the prospect that the Defendant may be convicted based upon considerations other than the facts of the charged offense.  Id., 2009 WL 4906678, *5.

We find no error in joining Counts Eighteen and Nineteen with the other counts.  Count Eighteen was of a same or similar character as the other wire fraud charges.  Count

3

Nineteen was part of the same transaction as Count Eighteen. See United States v. Carmichael, 685 F.2d 903, 910 (4th Cir. 1982). Snyder failed to show he was clearly prejudiced as a result of joining the charges and not granting his motion to sever.

The district court may grant a motion for a new trial based on newly discovered evidence if:

> (a) the evidence must be, in fact, newly discovered, i.e., discovered since the trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.

United States v. Custis, 988 F.2d 1355, 1359 (4th Cir. 1989). This court has never allowed a new trial unless all five factors are established. United States v. Fulcher, 250 F.3d 244, 249 (4th Cir. 2001). We review the denial of a motion for a new trial based on newly discovered evidence for abuse of discretion. United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). We find no clear error with respect to the district court's finding that the newly discovered evidence was primarily for impeachment purposes, not typically a basis for a motion for a new trial, and that the evidence did not support a finding that had it been presented at trial it would have probably produced an acquittal.

4

The Sentencing Guidelines provide that the amount of loss for purposes of sentencing enhancements is the greater of the actual loss or the intended loss. U.S. Sentencing Guidelines § 2B1.1 cmt. n.3(A) (2008). In this instance, Snyder's base offense level was increased by fourteen because it was found that the amount of intended and actual loss was in excess of $400,000. See USSG § 2B1.1(b)(1)(H).

The amount of loss is a factual determination reviewed for clear error. United States v. Loayza, 107 F.3d 257, 265 (4th Cir. 1997). A sentencing court makes a "reasonable estimate of the loss, given the available information." United States v. Miller, 316 F.3d 495, 503 (4th Cir. 2003) (internal quotation marks omitted); see USSG § 2B1.1, cmt. n.3(C). A sentencing enhancement need only be supported by a preponderance of the evidence. Miller, 316 F.3d at 503. Actual loss is the value of the property taken by the Defendant from the victims. See Loayza, 107 F.3d at 265. "Intended loss" is defined as "the pecuniary harm that was intended to result from the offense . . . and . . . includes intended pecuniary harm that would have been impossible or unlikely to occur[.]" USSG § 2B1.1, cmt. n.3(A)(ii). The intended loss amount may be used to determine sentencing, "even if this exceeds the amount of loss actually possible, or likely to occur, as a result of the defendant's conduct." Miller, 316 F.3d at 502.

5

We find no error with respect to the district court's findings regarding actual or intended loss. Both figures were supported by a preponderance of the evidence.

Accordingly, we affirm the convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>