BLD-066                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2732
_____

ROBIN NEIL SNYDER,
                                        Appellant

v.

WARDEN FORT DIX FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-14-cv-02473)
District Judge:  Honorable Renée M. Bumb
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 18, 2014

Before:  AMBRO, JORDAN and KRAUSE, Circuit Judges

(Filed: January 6, 2015)
_____

OPINION[*]
_____

PER CURIAM

        Appellant Robin Neil Snyder appeals the District Court's order dismissing without

prejudice his habeas corpus petition.  For the reasons that follow, we will summarily

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

affirm.

I.

In August 2008, Snyder was convicted in the United States District Court for the District of Maryland on thirteen counts of wire fraud and aiding and abetting such fraud, in violation of 18 U.S.C. § 1343, as well as related charges of money laundering and obstruction of justice. He was sentenced to 97 months in prison and is currently confined at the FCI Fort Dix, New Jersey. The United States Court of Appeals for the Fourth Circuit affirmed his convictions. United States v. Snyder, 365 F. App'x 508 (4th Cir. 2010). Snyder's petition for certiorari was denied. Snyder v. United States, 131 S. Ct. 595 (2010). Snyder also filed a motion to set aside or vacate his sentence under 28 U.S.C. § 2255, which was denied on the merits. See D. Md. Civ. No. CCB-11-3357, Memorandum Opinion of January 17, 2013. The United States Court of Appeals for the Fourth Circuit denied his request for a certificate of appealability. United States v. Snyder, 520 F. App'x 220 (4th Cir. 2013). The Supreme Court denied his petition for certiorari. Snyder v. United States, 134 S. Ct. 1000 (2014).

Snyder then initiated this action in the District of New Jersey, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his petition, Snyder reiterated the arguments that he had previously raised in his § 2255 motion, asserting claims of actual innocence, prosecutorial misconduct, and due process violations. The District Court dismissed the petition for lack of jurisdiction, concluding that Snyder was not entitled to the "saving clause" of § 2255. In the alternative, the District Court dismissed the petition

2

as barred by res judicata, noting that Snyder's claims had already been reviewed and rejected.  Snyder appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  Our review of the District Court's legal conclusions is plenary, and our consideration of its factual findings is under a clearly erroneous standard of review.  See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).  Because no substantial issue is raised on appeal, we will summarily affirm the District Court's decision.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

## III.

The District Court did not err in dismissing Snyder's § 2241 petition for habeas relief.  It is well-established that a prisoner's claims challenging the legality of his federal conviction and sentence must ordinarily be raised in a motion under § 2255 filed in the sentencing court.  See In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).  Indeed, § 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).

A motion under § 2255 is not "inadequate or ineffective" simply because the petitioner cannot meet the gatekeeping requirements of § 2255.  Dorsainvil, 119 F.3d at 251.  However, we have held that § 2255 is inadequate or ineffective to test the legality of a conviction where a petitioner "is being detained for conduct that has subsequently

3

been rendered non-criminal by an intervening Supreme Court decision" and the petitioner is otherwise barred from filing a second or successive § 2255 motion. Id. at 251-52. Snyder argued that the Supreme Court's ruling in Skilling v. United States, 561 U.S. 358 (2010), constituted such an intervening change in law. Snyder cannot avail himself of that argument for several reasons. First, as the District Court noted, the change of law alleged by Snyder is unrelated to his conviction.[1] Second, the change in law on which he relied was in place at the time Snyder filed his § 2255 motion. Not only could Snyder have predicted the advent of Skilling when he filed that motion in November of 2011, but he did, in fact, include it in the motion. The District Court in Maryland thus already considered his Skilling argument in the context of a § 2255 motion and rejected it. See D. Md. Civ. No. CCB-11-3357, Memorandum Opinion of January 17, 2013. As a result, Snyder had an earlier opportunity to challenge his conviction on the basis of the intervening change in substantive law and the limited "safety valve" exception of § 2255(e) is not applicable here. See Dorsainvil, 119 F.3d at 251-52; see also Cradle, 290 F.3d at 539 ("Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.").

Because we are satisfied that Snyder cannot proceed under § 2241, we need not address the District Court's alternative grounds for the denial of his petition. We also

---

[1] As described in more detail by the District Court, Skilling addressed the constitutionality of the "honest-services" fraud statute, 18 U.S.C. § 1346. Snyder,

4

note that, to the extent Snyder seeks habeas relief for Mortgage Bankers, LTD., such relief is not available to corporate entities because such entities are not subject to the consequences of physical confinement. See United States v. Rad-O-Lite of Phila., Inc., 612 F.2d 740, 744 (3d Cir. 1979).

There being no substantial question presented on appeal, we will summarily affirm the decision of the District Court dismissing Snyder's § 2241 petition.

_____

however, was convicted of fraud under 18 U.S.C. § 1343.